| United States District Court | Southern District of Texas |
|---|---|

United States of America, §
§
    Plaintiff, §
§
versus §    Criminal H-06-98-01
§
Michael D. Goodson, §
§
    Defendant. §

## Opinion on Vacatur

1. Michael D. Goodson has moved to vacate his sentence because:
   (a) He was denied the right to counsel of his choosing;
   (b) He was denied effective assistance of counsel because his counsel was removed;
   (c) His counsel should have been able to practice while counsel's disciplinary proceeding was pending;
   (d) He did not receive sufficient *pro se* admonishments before the trial;
   (e) He was denied effective assistance of appellate counsel because appellate counsel did not argue that he was deprived of his choice of counsel; and
   (f) He was denied due process and equal protection under the law because the court of appeals refused to consider his brief.

2. Goodson was told that his counsel could not represent him because he was not admitted to this court. The right to counsel of his choosing is not absolute; the lawyer he wanted could not practice here. When his preferred lawyer had been admitted specially, he had varied between absent and obstreperous. The court appointed a capable and hard-working lawyer; Goodson refused to work with him. That counsel was present for the trial. His right to counsel and to effective assistance of counsel were given full support. Yet he chose not to use the aid.

3. The court talked with Goodson about proceeding to trial without a lawyer. He told the court that he wanted the ineligible lawyer or no lawyer at all. After being told many times that it was wiser to have a lawyer, Goodson refused to accept other counsel. The court clearly told him of the risks of proceeding without counsel, and he proceeded anyway. After his sentencing, he appealed, claiming that he did not waive right to counsel knowingly and intelligently. He lost.

4. Goodson's counsel on appeal did not raise the issue of his right to counsel because he found it to be without merit. This was the correct conclusion. Goodson was not denied effective assistance of counsel.

5. The court of appeals ignored Goodson's own brief because he had a lawyer who was working for him and the court had denied his motion to fire the lawyer. Goodson's brief argued the same issues that his counsel did, except for the addition of the argument on the right to counsel of his choosing. That argument has no merit, and Goodson's brief added nothing to the presentation to the appellate court.

6. It was brutally obvious from the motion and the record that Goodson could not change his sentence. He simply had nothing to support it. He did not have an absolute right to the counsel he wanted. He was given repeated warnings about going to trial without counsel. His lawyer on appeal raised all of the meritorious arguments he could and was more than effective. The appellate court's ignoring his repetitive brief could not have changed the result.

7.  As the court of appeals acknowledges, 28 U.S.C. § 2255 does not require findings of fact and conclusions of law.[1] By saying that findings of fact and conclusions of law are "indispensable to appellate review," the circuit has demanded unrequired paperwork of trial judges in what amounts to nothing more than a bureaucratic shuffle of its work. Citations to its own opinions that flout the text of the statute are neither authoritative nor persuasive.

Signed on February 4, 2014, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[1] Hart v. United States, 565 F.2d 360, 362 (5th Cir. 1978)